UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEONARD T. HOLMES,

          Petitioner,

      v.                                      Case No. 24-CV-752

STEVEN R. JOHNSON,[1]

          Respondent.

# RECOMMENDATION AND ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Leonard Holmes, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Holmes sought leave to proceed without prepayment of the filing fee (ECF No. 2), but then paid the filing fee. Therefore, his motion for leave to proceed without prepayment of the filing fee will be dismissed as moot.

Turning to his petition, Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an

---

[1] The caption is amended to identify the warden of the Milwaukee Secure Detention Facility as the respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases.

answer, motion, or other response within a fixed time, or to take other action the judge may order.

Holmes alleges that his attorney was ineffective with respect to the revocation of his probation. (ECF No. 1 at 7-8.)

Ordinarily, a petitioner must exhaust his remedies in state court before seeking habeas relief in federal court. 28 U.S.C. § 2254(b)(1). Holmes acknowledges that he has not exhausted his remedies in state court. He suggests that his failure to exhaust is attributable to his attorney's ineffectiveness; that his attorney missed the deadline for filing a writ of certiorari in the circuit court. (ECF No. 1 at 7.) However, under state law, the means for presenting a claim that counsel was ineffective in revocation proceedings is through a petition for a writ of habeas corpus in state court. *State ex rel. Vanderbeke v. Endicott*, 210 Wis. 2d 502, 522, 563 N.W.2d 883, 890 (1997); *Stewart v. Schaub*, No. 16-C-0243, 2016 U.S. Dist. LEXIS 29386, at *4-5 (E.D. Wis. Mar. 8, 2016).

Because there is an available and effective process in state court for Holmes to present his claims, *see* 28 U.S.C. § 2254(b)(1)(B), his petition must be dismissed because he failed to exhaust his state court remedies, *see* 28 U.S.C. § 2254(b)(1)(A).

**IT IS THEREFORE ORDERED** that Holmes's motion to proceed without prepayment of the filing fee (ECF No. 2) is **dismissed as moot**.

**IT IS FURTHER RECOMMENDED** that Holmes's petition be **dismissed** for failure to exhaust his state court remedies.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 3rd day of July, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge